| | |
|---|---|
| 1 | VEDDER PRICE (CA), LLP |
| 2 | Thomas H. Petrides, Bar No. 117121<br>tpetrides@vedderprice.com |
| 3 | 1925 Century Park East, Suite 1900<br>Los Angeles, California 90067 |
| 4 | T: +1 424 204 7700<br>F: +1 424 204 7702 |
| 5 | VEDDER PRICE (CA), LLP |
| 6 | Matthew L. Goldberg, Bar No. 267295<br>mgoldberg@vedderprice.com |
| 7 | 275 Battery Street, Suite 2464<br>San Francisco, California 94111 |
| 8 | T: +1 415 749 9500<br>F: +1 415 749 9502 |
| 9 | Attorneys for Defendant |
| 10 | INTERNATIONAL VITAMIN CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMIE ABBOTT, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL VITAMIN CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT INTERNATIONAL VITAMIN CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION** |

TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant International Vitamin Corporation ("IVC" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Riverside (the "Superior Court") to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, based on the following:

## STATEMENT OF REMOVAL

1. On August 29, 2019, Plaintiff Jeramie Abbott ("Plaintiff") filed a complaint in the Superior Court against IVC entitled *Jeramie Abbott, an Individual, on behalf of himself and all others similarly situated, Plaintiff v. International Vitamin Corporation.; and DOES 1 through 100, inclusive, Defendants*, Case No. RIC1904487 (the "State Court Action"). A copy of the complaint filed in the State Court Action (the "Complaint") is attached hereto as Exhibit A. The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them. Plaintiff purports to bring the Complaint as a class action on his own behalf, as well as on behalf of each and all other persons similarly situated. Complaint, p. 2:1-2.

2. On September 10, 2019, Plaintiff served IVC with the Summons and Complaint. A copy of the Summons and all other documents served on IVC from the State Court Action are attached hereto as Exhibit B. On October 9, 2019, Defendant filed an Answer to the State Court Action. A copy of the Answer that Defendant filed and served is attached hereto as Exhibit C. The Answer is the only document that Defendants served on Plaintiff.

3. This Notice of Removal is timely filed as it is filed within thirty days of service of the Summons and Complaint on IVC. *See* 28 U.S.C. § 1446(b).

4. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Riverside

County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Superior Court where the State Court Action was pending is located within the Central District of California.

## JURISDICTION BASED ON CAFA

6. IVC removes this action based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). At least one or more of the class members is a citizen of a state that is different from that of defendant IVC. The proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). Furthermore, no defendant identified in the Complaint is a state, officer of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

## *DIVERSITY OF CITIZENSHIP*

7. IVC is informed and believes that Plaintiff is now, and was at the time the State Court Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a) because he is a resident of and domiciled in the State of California. *See* Complaint, ¶¶ 9 and 10.

8. IVC is informed and believes that at least one or more members of the putative class, as identified in Paragraphs 4 and 5 of the Complaint as "Defendants' non-exempt current and former employees, employed in California by Defendants" during the time period from four (4) years preceding the filing of this complaint, and including the seven sub-classes identified in Paragraph 29—is not now a citizen of the State of California. As defined, this class is not facially limited to only California citizens.

9. IVC is now, and was at the time the State Court Action was commenced, a citizen of the State of Delaware and the State of California within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Delaware and maintains its corporate headquarters and principal place of business in the State of California. *See* Complaint, ¶ 12.

10. Thus, under CAFA, minimal diversity of citizenship exists between at least one member of a putative class and one named defendant, IVC. *See* 28 U.S.C.A. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010).

## *SIZE OF CLASS AT LEAST 100*

11. Since August 29, 2015 (four years prior to the filing of the Complaint) to the present, IVC has employed at least 250 California-based non-exempt, hourly paid current and former employees (hereinafter referred to as "Alleged Putative Class Members"). Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

## *AMOUNT IN CONTROVERSY*

12. The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000.00, exclusive of interest and costs.[1] IVC denies Plaintiff's

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). *See also Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the

claims in their entirety and asserts that Plaintiff's claims are not amenable to class treatment; but, provides the following analysis of potential damages based solely on the allegations set forth in the Complaint, without admitting liability of any kind, in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d). The Complaint seeks, on behalf of all class members dating back to August 29, 2015, payment of allegedly unpaid overtime wages, minimum wages plus liquidated damages, meal break premium wages, and rest break premium wages. *See* Complaint, ¶¶ 29a, 29b, 29c, 29d, 43, 51, 52, 67 and 76. The Complaint also seeks damages for allegedly inaccurate wage statements in the amounts required by California Labor Code § 226(a), which sets forth maximum damages of $4,000 per employee, waiting time penalties equal to one day's pay for 30 days for each terminated employee, as well as other penalties and attorneys' fees. *See* Complaint, ¶¶ 29e, 29f, 86, 93.

13. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

14. Plaintiff alleges that "[t]he members of the Meal Period Class consistently worker over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment." *See* Complaint, ¶ 62. Further, Plaintiff alleges that "[a]s a matter of Defendants' established company policy, Defendant failed to comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s)." *See* Complaint, ¶ 66. As a amount-in-controversy requirement.").

result, Plaintiff alleges "the member of the Meal Period Class are entitled to damages in an amount equal to one (l) additional hours of pay at each employee's regular rate of compensation for each work day that the meal period was not provided." *See* Complaint, ¶ 67.

15. During the class period, Plaintiff and the Alleged Putative Class Members typically worked at least six (6) hours per day, five days per week. The average hourly rate of pay for the Alleged Putative Class Members is approximately $14.93 per hour. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. July 19, 2010) (holding that it is "preferable for defendants to calculate the average hourly wage based on the average wage of all class members."). The Alleged Putative Class Members worked on average approximately 99 workweeks or approximately 495 work days during the alleged class period. As such, Plaintiff and the Alleged Putative Class Members were typically entitled to at least one rest break and at least one meal period for every day worked.

16. Taking Plaintiff's allegations in the Complaint as true that IVC allegedly failed to provide the Alleged Putative Class Members with compliant meal periods for working more than five (5) hours and at all relevant times failed to pay the Alleged Putative Class Members a meal period premium (which IVC denies), the maximum meal period violations would equal one additional hour of pay, per employee, for each work day during the class period. *See* Complaint, ¶¶ 62-63, 66-67. The Alleged Putative Class Members worked approximately 495 work days during the proposed class period at an average hourly rate of pay of approximately $14.93 per hour. Accordingly, the amount in controversy with respect to the alleged meal period violations is at least $1,847,587.50. ($14.93 x 495 workdays x 250 class members = $1,847,587.50.)

17. Taking Plaintiff's allegations in the Complaint as true that IVC allegedly had a pattern or practice of failing to provide the Alleged Putative Class Members with compliant rest breaks and not paying Alleged Putative Class Members a rest

period premium (which IVC denies), the maximum rest break violations would equal one additional hour of pay, per employee, for each work day during the class period. *See* Complaint, ¶¶ 74 through 76. The Alleged Putative Class Members worked approximately 495 work–days during the proposed class period at an average hourly rate of pay of approximately $14.93 per hour. Accordingly, the amount in controversy with respect to the alleged rest break violations is at least $1,847,587.50. ($14.93 x 495 workdays x 250 class members = $1,847,587.50.)

18. Plaintiff's Complaint also alleges that Alleged Putative Class Members did not receive overtime wages for off the clock and inaccurately recorded work they performed (which IVC denies). *See* Complaint, ¶¶ 8, 41. Based on an average hourly rate of pay of approximately $14.93 per hour, the overtime rate of pay would be 1.5 times that amount, or $22.40 per hour. ($14.93 x 1.5 = $22.40.) On average, the 250 Alleged Putative Class Members worked approximately 495 work days during the proposed class period. The 250 Alleged Putative Class Members each could claim that they failed to receive at least 30 minutes and up to an hour or more of unpaid overtime wages for each day that they worked (which IVC denies). Accordingly, the total amount in controversy with respect to the purported overtime claim is at least $1,386,000.00 in purported unpaid overtime liability ($22.40 overtime rate x 0.5 overtime hours per day x 495 workdays x 250 class members) and up to $2,772,000.00 or more. ($22.40 overtime rate x 1.0 overtime hour per day x 495 workdays x 250 class members.)

19. Although IVC denies that any amounts are due to any putative class members (or even that there is a valid class to be certified), the aggregate of the calculations above demonstrate that there is well over $5,000,000 in controversy in this action. $1,847,587.50 in alleged meal period violations plus $1,847,587.50 in alleged rest period violations plus at least $1,386,000.00 (or up to $2,772,000.00 or more) in alleged overtime violations = $5,081,175.00) This amount is satisfied even without addressing Plaintiff's purported claims for unpaid waiting penalties, which

1  would amount to $503,625.60. ($15.66 average hourly rate at the time of termination x 8 hours x 30 days x at least 134 terminated Alleged Putative Class Members.) Additionally, Plaintiff also has claims for inaccurate itemized wage statements, liquidated damages, additional statutory penalties or potential attorneys' fees. Accordingly, CAFA's $5 million amount-in-controversy requirement is clearly satisfied.

20. In setting forth the calculations above, IVC does not admit that Plaintiff or any other person is owed any additional wages, compensation, premium pay, penalties or other damages, or that IVC is liable to Plaintiff or any other person in any amount or for any relief, including any attorneys' fees, or that there is even any proper class to be certified. To the contrary, IVC denies that it is liable to the Plaintiff or to any other person in any amount and for any relief.

21. Based on the foregoing, all requirements under 28 U.S.C. § 1332(d) are satisfied and the State Court Action may be removed to this Court on the grounds of diversity of citizenship jurisdiction under CAFA.

22. By removing this action to this Court, IVC does not waive any defenses, objections or motions available to them under state or federal law.

WHEREFORE, IVC removes the above-entitled action now pending in the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California.

Dated: October 9, 2019     VEDDER PRICE (CA), LLP


By: /s/Matthew L. Goldberg
    Thomas H. Petrides
    Matthew L. Goldberg

Attorneys for Defendant
INTERNATIONAL VITAMIN
CORPORATION