# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| JERAMIE ABBOTT, | CV 19-01941 TJH (KKx) |
| Plaintiff, | |
| v. | Order |
| INTERNATIONAL VITAMIN CORPORATION, | |
| Defendant. | |

The Court has considered Plaintiff Jeramie Abbott's motion to remand, together with the moving and opposing papers.

Defendant International Vitamin Corporation ["IVC"], as the party invoking the Court's subject matter jurisdiction, has the burden of establishing jurisdiction by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Initially, a defendant may rely on the allegations in its notice of removal to satisfy the jurisdictional burden. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). However, because Abbott has challenged the

allegations in IVC's notice of removal by filing his motion to remand, IVC must submit evidence to support its alleged basis for jurisdiction. *See Dart Cherokee*, 574 U.S. 81 at 88. The evidence in support of jurisdiction must be of "summary-judgement type," such as declarations, and cannot be based on "mere speculation and conjecture." *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, to establish that the Court has subject matter jurisdiction under the Class Action Fairness Act ["CAFA"], IVC must submit evidence showing that, *inter alia*, the parties are minimally diverse, that is, at least one plaintiff is a citizen of a different state than at least one defendant on the date of removal. 28 U.S.C. § 1332(d)(2). A person's citizenship is where she is domiciled, that is, where she resides with the intension to remain and return. *Kanter*, 265 F.3d 853 at 857. Residence, alone, is insufficient to establish domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). IVC is a Delaware corporation with its principal place of business in Riverside, California. Accordingly, for there to be minimal diversity, at least one putative class member must be a citizen of a state other than Delaware or California.

IVC submitted a declaration from its Senior Manager of Benefits, Rolando Montano, dated November 18, 2019. Montano declared that in June, 2018 – more than a year before this case was removed in October, 2019 – an unnamed putative class member informed IVC that he was quitting and moving to Missouri. Montano, also, declared that IVC "recently confirmed through [the putative class member's] spouse that [he] continues to live in Missouri]" and that "IVC understands [that the putative class member] intends to continue to reside" in Missouri.

Montano's declaration contains multiple levels of hearsay and lacks a factual basis to support its conclusory statements. Without a sufficient factual basis, the declaration is the sort of "mere speculation and conjecture" barred by *Ibarra*, 775 F.3d 1193 at 1197. Finally, IVC did not seek leave to conduct early jurisdictional discovery. *See Dart Cherokee*, 574 U.S. 81 at 89.

Thus, IVC failed to meet its burden of establishing subject matter jurisdiction by

a preponderance of the evidence. *See Rodriguez v. AT&T Mobility*, 728 F.3d at 981.

Accordingly,

**It is Ordered** that the motion to remand be, and hereby is, **Granted**.

Date: March 2, 2020

             *[signature]*
             **Terry J. Hatter, Jr.**
             **Senior United States District Judge**